# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMEER FLIPPIN,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Civil Action No.　19-3052 (BAH)
　　　　v.　　　　　　　　　　　　　)　　Chief Judge Beryl A. Howell
　　　　　　　　　　　　　　　　　　)
CHEXSYSTEMS, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## MEMORANDUM OPINION

Plaintiff Ameer Flippin, appearing *pro se*, filed this action, under the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq*., against defendant ChexSystems, Inc., which has filed a

Motion to Dismiss  pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 21. Plaintiff has

filed no timely opposition. *See* Order (Dec. 19, 2019), ECF No. 23 (advising plaintiff to respond

by January 30, 2020, and cautioning that defendant's unopposed arguments may be treated as

conceded).  For the reasons explained below, the motion is granted.[1]

On December 31, 2019, the foregoing order was returned to the Clerk as undelivered at

plaintiff's address of record.  *See* ECF No. 24.  Therefore, the Court cannot find that the plaintiff

has conceded defendant's motion. Review of the complaint, however, makes clear that the

complaint lacks sufficient facts to state a plausible claim for relief.  *See generally* Def.'s Mem.;

*cf*. *Wood v. Moss*, 134 S.Ct. 2056, 2067 (2014) ("under the governing pleading standard, 'the

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[1]　On November 15, 2019, plaintiff's complaint against the governmental defendants, *see* Case Caption, was dismissed pursuant to the screening  provisions of 28 U.S.C. § 1915(e)(2)(B). *See* Order, ECF No. 6.

is plausible on its face.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  That said,

defendant's request to dismiss the complaint "with prejudice," Mem. at 13, is denied because a

dismissal with prejudice "is warranted only when a trial court determines that the allegation of

other facts consistent with the challenged pleading could not possibly cure the deficiency."

*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and

citations omitted)).  The circumstances of this case do not warrant such definitive relief.

A separate Order consistent with this Memorandum Opinion will be filed

contemporaneously.


/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE:  May 13, 2020